IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-269-SLR |
| | ) | |
| STAN TAYLOR, THOMAS CARROLL, | ) | JURY TRIAL DEMANDED |
| FIRST CORRECTIONAL MEDICAL, | ) | |
| INC., DAVID WILKERSON, and | ) | |
| GAIL ELLER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT THOMAS CARROLL'S RESPONSE TO PLAINTIFF'S INTERROGATORIES**

Defendant, Thomas Carroll, ("Answering Defendant") hereby responds to Plaintiff Kenneth Smith's Interrogatories:

**GENERAL OBJECTIONS**

1.  Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.  Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3.  Defendant objects to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4.  Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in their possession, custody or control.

1

5. Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by Answering Defendant but will not be produced.

6. Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from his counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES[1]

1) Described prior to federal investigation, who evaluated or monitored "Correctional Medical Services" performaces.

**RESPONSE:** Objection. This Interrogatory is overly broad and does not specify a time frame. By way of further objection, this Interrogatory is not relevant to the allegations against Answering Defendant contained in the Complaint. Subject to and without waiver of the foregoing general and specific objections, the medical contractor was required to achieve and maintain accreditation of the National Commission on Correctional Health Care. ("NCCHC"). In the past, the Medical Review Committee ("MRC") provided contract oversight to the health care vendors and substance abuse treatment.

2) Explain the reponsibility too inmates under Title 11 Section 6536.

**RESPONSE:** Objection. This Interrogatory seeks a legal analysis of a statute and not the discovery of information as contemplated by the Federal Rules of Civil Procedure 26 and 34.

---

[1] Each Interrogatory typed exactly as received from Plaintiff, Kenneth Smith.

The statute speaks for itself.

    3)    Detail sources available to inmates after filing medical grievances, concerning medical issues dealing with Correctional Medical Systems.

**RESPONSE:** Objection. This Interrogatory is vague and ambiguous. Subject to and without waiver of the foregoing general and specific objections, the established system for addressing medical issues is the Bureau Grievance process. SOP 4.4.

    4)    Outline evaluation process for Correctional Medical Services in it's providing medical services too inmates.

**RESPONSE:** See Response to Interrogatory No. 1.

    5)    Who/how is it determined when inmate taken to outside specialist, should inmate receive treatment prescribed by outside specialist. .

**RESPONSE:** Objection. This Interrogatory is vague and unintelligible. Subject to and without wavier of the foregoing general and specific objections, an inmate requiring treatment by a medical specialist is a decision made by personnel of the contracted medical provider. As Warden of the Delaware Correctional Center, ("DCC"), I relied on the contracted medical provider to deliver health care services to inmates housed at the facility.

    6)    Name the agency(s) that evaluated Correctional Medical Services, contract performance in providing medical services too inmates.

**RESPONSE:** See Response to Interrogatory No. 1.

    7)    Explain why since 1998 none of the recommendations of outside specialist followed. Even when reached your desk, via grievance and personal letter process.

**RESPONSE:** Objection. This interrogatory is unclear and ambiguous. By way of further objection, this Interrogatory assumes facts and conclusions that Plaintiff has the burden to prove

and that are disputed and denied by Answering Defendant. Subject to and without waiver of the foregoing general and specific objections, and as previously noted, a determination that an inmate required treatment by a medical specialist was a decision made by personnel of the contracted medical provider. As Warden of the Delaware Correctional Center, I relied on the contracted medical provider to deliver health care services to inmates housed at the facility.

8) What did you base your decision, when denied plaintiff receiving treatment ordered by specialist.

**RESPONSE:** Objection. This Interrogatory assumes facts and conclusions that Plaintiff has the burden to prove and that are disputed and denied by Answering Defendant. In particular, it is specifically denied that Answering Defendant denied Plaintiff any treatment. Subject to and without waiver of the foregoing general and specific objections, and as previously noted, a determination that an inmate required treatment by a medical specialist was a decision made by personnel of the contracted medical provider. As Warden of the Delaware Correctional Center, I relied on the contracted medical provider to deliver health care services to inmates housed at the facility.

9) State the procedure in effect in March, 1998 at Delaware Correctional Center, for final resolution of inmate grievances (medical). The aforemention means name of agencie(s) or medical contractors.

**RESPONSE:** Objection. This Interrogatory is overbroad and ambiguous. Subject to and without waiver of the foregoing general and specific objection, Answering Defendant is without knowledge or information sufficient to respond to this Interrogatory.

10) State the name(s) of persons within "DOC" responsible for monitoring contract between DOC and Correctional Medical Systems.

**RESPONSE:**  See Response to Interrogatory No. 1.

*AS TO OBJECTIONS:*

          **DEPARTMENT OF JUSTICE**
          **STATE OF DELAWARE**

          */s/ Stacey X. Stewart*
          Stacey X. Stewart, ID #4667
          Deputy Attorney General
          Carvel State Office Building
          820 North French Street, 6TH Fl.,
          Wilmington, DE 19801
          (302) 577-8400
          stacey.stewart@state.de.us
          *Attorney for Defendant Carroll*

Dated: June 5, 2008

### *CERTIFICATE OF MAILING AND/OR DELIVERY*

I hereby certify that on June 5, 2008, I electronically filed *Defendant Tom Carroll's Response to Plaintiff's First Set of Interrogatories* with the Clerk of Court using CM/ECF. On June 5, 2008, I have mailed by United States Postal Service, the document to the following non-registered participant:

Kenneth Smith
SBI # 193906
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Stacey Stewart
Stacey Stewart, Bar ID#4667
Deputy Attorney General
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
stacey.stewart@state.de.us

*Attorney for Defendant Thomas Carroll*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-269-SLR |
| | ) | |
| STAN TAYLOR, THOMAS CARROLL, | ) | JURY TRIAL DEMANDED |
| FIRST CORRECTIONAL MEDICAL, | ) | |
| INC., DAVID WILKERSON, and | ) | |
| GAIL ELLER, | ) | |
| Defendants. | ) | |

VERIFICATION AS TO ANSWERS:

I hereby declare under penalty of perjury that the attached Defendant's Responses to Plaintiff's Interrogatories are true and correct.

_____
Thomas Carroll